UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVELYN JIMENEZ,<br><br>            Plaintiff,<br><br>    v.<br><br>POSTAL SERVICE OFFICE,<br><br>            Defendant. | Case No. 1:25-cv-00950-SKO<br><br>**FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S COMPLAINT BE DISMISSED WITHOUT LEAVE TO AMEND**<br><br>(Doc. 1)<br><br>**TWENTY-ONE DAY DEADLINE**<br><br><u>Clerk to Assign District Judge</u> |

Plaintiff Evelyn Jimenez is proceeding *pro se* and *in forma pauperis* in this action. Plaintiff filed a complaint on August 4, 2025. (Doc. 1). Upon review, the undersigned concludes that the allegations are frivolous and fail to state a claim and recommends dismissing Plaintiff's complaint without leave to amend.

**I.    SCREENING REQUIREMENT**

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). *See Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (dismissal required of *in forma pauperis* proceedings which seek monetary relief from immune defendants); *Cato v.*

1

1  *United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma*
2  *pauperis* complaint under 28 U.S.C. § 1915(e)); *Barren v. Harrington*, 152 F.3d 1193 (9th Cir.
3  1998) (affirming *sua sponte* dismissal for failure to state a claim). If the Court determines that a
4  complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies
5  of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000)
6  (*en banc*).

7      In determining whether a complaint fails to state a claim, the Court uses the same pleading
8  standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and
9  plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P.
10 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of
11 a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556
12 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A
13 complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack
14 of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri*
15 *v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Plaintiff must allege a minimum factual
16 and legal basis for each claim that is sufficient to give each defendant fair notice of what the
17 plaintiff's claims are and the grounds upon which they rest. *See, e.g.*, *Brazil v. U.S. Dep't of the*
18 *Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

19     In reviewing the pro se complaint, the Court is to liberally construe the pleadings and accept
20 as true all factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94
21 (2007). Although a court must accept as true all factual allegations contained in a complaint, a
22 court need not accept a plaintiff's legal conclusions as true. *Iqbal*, 556 U.S. at 678. "[A] complaint
23 [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the
24 line between possibility and plausibility of entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S.
25 at 557).

26     **II.    SUMMARY OF PLAINTIFF'S COMPLAINT**

27     Plaintiff drafted her complaint using the general complaint form provided by this Court.
28 Much of Plaintiff's complaint is illegible. The caption of the complaint lists "Postal Service

1  Office." (Doc. 1.) Plaintiff has filled out her name and states she is a citizen of California, and that
2  USPS is incorporated in the United States in the section labeled "If the Basis for Jurisdiction is
3  Diversity of Citizenship." (*Id.* at 4–5.) In the section in which a plaintiff can indicate the "Amount
4  in Controversy." Plaintiff has written "[t]he United Postal Office, expedites passports of letters with
5  clearly not my name, deliver correspondence." (*Id.* at 5.) In the section in which she is asked to
6  state a "Statement of Claim," Plaintiff has written "claim of names of others peoples
7  correspondence is not what I paid for in good faith being a ghost person outside the [illegible] P.O.
8  Box mail, did have me miss my daughter [illegible]." (*Id.*)

9  Plaintiff attached additional pages in which she continues her claim for relief as follows:
10 "Community hospital critical care, Fresno California, making me a mother without any care for
11 updating my mailing address, giving a no one home [illegible] controversy of missing [illegible] of
12 her nurturing parent mom per CPS of a ninty nine in percentile of getting the same like my eldest
13 daughter 10 7[illegible] years of us time, [illegible] underwear [illegible] of authority of location
14 of Maclera County.: (*Id.* at 7.) And as to her claim for relief, she states, "[illegible] mom, today as
15 of this time 10:06 AM mom cannot make contact service for always, gasoline in secure location in
16 [illegible] liquid of [illegible] energy." (*Id.* at 6.) She also includes an additional page in which
17 she also requests "in amont of [illegible] cash California not one dollar note Bill Clinton [illegible]
18 11. billon dollars in gasoline one unit delivery." (*Id.* at 8.)

19 The Civil Cover Sheet lists the nature of suit is listed as "Land Condemnation" and "Civil
20 Detainee – Conditions of Confinement." (Doc. 1-1.)

21 **III.    DISCUSSION**

22 For the reasons discussed below, the Court finds that the complaint does not state any
23 cognizable claims and is frivolous.

24 **A.    Rule 8**

25 Rule 8 requires that a complaint must contain "a short and plain statement of the claim
26 showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Plaintiff's complaint
27 violates Rule 8 because it does not contain a short and plain statement of the claim demonstrating
28 that she is entitled to relief.

Although the Federal Rules use a flexible pleading policy, Plaintiff is required to give fair notice to a defendant of the basis of the claim and must allege facts that support the elements of the claim plainly and succinctly. A complaint must contain sufficient factual allegations to give the defendant fair notice of the claim and the grounds upon which it rests. *Twombly*, 550 U.S. at 555. Here, there are no factual allegations in the complaint that identify the basis for any federal claim(s). Nor does Plaintiff specify how her claim is one of land condemnation or civil – detainee conditions of confinement as listed in the cover sheet. (*See* Doc. 1-1.)

In addition, a complaint is required to contain sufficient factual content for the court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. Again, without any coherent factual allegations, it is impossible to determine what Plaintiff is alleging has occurred or how the defendant is alleged to be responsible.

Finally, Rule 8 requires that the complaint must state a demand for the relief sought. Fed. R. Civ. P. 8(a)(3). The nature of the relief requested in the complaint is wholly unclear to the Court. (*See* Doc. 1 at 6.)

In sum, Plaintiff's complaint fails to conform to the requirements of Rule 8.

**B.    Suit Against the United States and Federal Agencies**

Plaintiff appears to attempt to bring this action against the United States Postal Service. Generally, the United States and its agencies are entitled to sovereign immunity from suit unless Congress has expressly waived immunity. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994); *Kaiser v. Blue Cross of California*, 347 F.3d 1107, 1117 (9th Cir. 2003); *Hodge v. Dalton*, 107 F.3d 705, 707 (9th Cir. 1997). "Any waiver of immunity must be 'unequivocally expressed,' and any limitations and conditions upon the waiver 'must be strictly observed and exceptions thereto are not to be implied.'" *Hodge*, 107 F.3d at 707 (quoting *Lehman v. Nakshian*, 453 U.S. 156, 160-61 (1981).) The complaint is devoid of any allegations that would enable the Court to determine any basis by which Plaintiff could bring suit against the United States Postal Service.

**C.    Frivolousness**

Apart from Plaintiff's failure to state a claim, her complaint is frivolous. A complaint will be considered frivolous, and therefore subject to dismissal under § 1915(e)(2)(B), "where it lacks

an arguable basis either in law or in fact." *Nietzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez,* 504 U.S. 25, 32–33 (1992) ("At the same time that it sought to lower judicial access barriers to the indigent, however, Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'"). A federal court cannot properly *sua sponte* dismiss an action commenced *in forma pauperis* if the facts alleged in the complaint are merely "unlikely." *Denton*, 504 U.S. at 33. However, a complaint may be properly dismissed *sua sponte* if the allegations are found to be "fanciful," "fantastic," or "delusional," or if they "rise to the level of the irrational or the wholly incredible." *Id*. at 32–33. If a case is classified as frivolous, "there is, by definition, no merit to the underlying action and so no reason to grant leave to amend." *Lopez v. Smith*, 203 F.3d 1122, 1127 n. 8 (9th Cir. 2000).

Plaintiff's complaint is frivolous under this legal standard. Plaintiff does not set forth any facts. Her statement of claim and request for relief, as set forth above, are incoherent and fanciful. Accordingly, Plaintiff's complaint should be dismissed without leave to amend. *See, e.g., Sameer v. Khera*, No. 1:17-cv-01748-DAD-EPG, 2018 WL 6338729, at *2 (E.D. Cal. Dec. 5, 2018), *appeal dismissed as frivolous*, No. 19-15011, 2019 WL 7425404 (9th Cir. Aug. 27, 2019) (dismissing the case with prejudice for lack of subject matter jurisdiction as "the only appropriate response" to "fanciful allegations" in complaint that "alleges the existence of a vast conspiracy bent on plaintiff's destruction"); *Ayres v. Obama*, Civil No. 13–00371 SOM/RLP, 2013 WL 5754953, at *2 (D. Hawai'i Oct. 22, 2013) (allegations that FBI implanted biochips in plaintiff and her family to turn them into "a living vegetable or a New World Order slave" were "so 'fantastic' and 'fanciful' as to be clearly baseless"); *Bivolarevic v. U.S. CIA*, No. C 09-4620 SBA, 2010 WL 890147, at *1–2 (N.D. Cal. Mar. 8, 2010) (court lacked jurisdiction over claims that CIA subjected plaintiff to "voice to skull technology" as a "mind control weapon").

### IV.     CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Plaintiff's complaint be dismissed, without leave to amend. Although this is Plaintiff's first complaint, it is clear from the

face of the complaint that it is frivolous.[1]

Accordingly, based on the foregoing, IT IS RECOMMENDED that:

1. Plaintiff's complaint be dismissed, without leave to amend; and
2. The Clerk of the Court be instructed to close the case.

These findings and recommendation will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). **Within twenty-one (21) days after being served** with these findings and recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Additionally, Clerk of the Court is DIRECTED to assign a district judge to this case.

IT IS SO ORDERED.

Dated:   **August 8, 2025**                    /s/ *Sheila K. Oberto*
                                                                UNITED STATES MAGISTRATE JUDGE

---

[1] If Plaintiff believes that she can cure this deficiency in an amended complaint, she may file objections to these Findings and Recommendation explaining how she would amend her complaint to state a cognizable claim.